1 | ANDRÉ BIROTTE JR.
United States Attorney
2 | ROBERT E. DUGDALE
Assistant United States Attorney
3 | Chief, Criminal Division
RYAN H. WEINSTEIN (Cal. Bar No. 240405)
4 | Assistant United States Attorney
General Crimes Section
5 |      1200 United States Courthouse
      312 North Spring Street
6 |      Los Angeles, California 90012
      Telephone:  (213) 894-8957
7 |      Facsimile:  (213) 894-0141
      E-mail:     ryan.weinstein@usdoj.gov
8
Attorneys for Plaintiff
9 | UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT
DEC - 4 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No.   12-CR-00392-DDP |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| v. | |
| JERMAINE EUGENE HOUSTON, | |
| Defendant. | |

   Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

   1.   <u>Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds</u>:

   _____   a. present offense committed while defendant was on release pending (felony trial), (sentencing), (appeal), or on (probation) (parole); or

|   |   |   |
|---|---|---|
| 1 | _____ | b. defendant is an alien not lawfully admitted for |
| 2 |   | permanent residence; and |
| 3 | _____ | c. defendant may flee; or |
| 4 | _____ | d. pose a danger to another or the community. |
| 5 | _____ | 2. <u>Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure</u>: |
| 8 | _____ | a. the appearance of the defendant as required; |
| 9 | _____ | b. safety of any other person and the community. |
| 10 | X | 3. <u>Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a))</u>: |
| 13 | X | a. defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community; |
| 16 | X | b. defendant cannot establish by clear and convincing evidence that he/she will not flee. |
| 18 | _____ | 4. <u>Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e))</u>: |
| 20 | _____ | a. Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| 24 | _____ | b. offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |

|   |   |
|---|---|
| 1 | ____   c. offense involving a minor victim under 18 U.S.C. |
| 2 | §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, |
| 3 | 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), |
| 4 | 2260, 2421, 2422, 2423 or 2425 (presumption of danger |
| 5 | to community and flight risk); |
| 6 | ____   d. defendant currently charged with an offense described |
| 7 | in paragraph 5a - 5e below, AND defendant was |
| 8 | previously convicted of an offense described in |
| 9 | paragraph 5a - 5e below (whether Federal or |
| 10 | State/local), AND that previous offense was committed |
| 11 | while defendant was on release pending trial, AND the |
| 12 | current offense was committed within five years of |
| 13 | conviction or release from prison on the above- |
| 14 | described previous conviction (presumption of danger |
| 15 | to community). |
| 16 | _X_  5. **Government Is Entitled to Detention Hearing Under** |
| 17 | **§ 3142(f) If the Case Involves:** |
| 18 | ____   a. a crime of violence (as defined in 18 U.S.C. |
| 19 | § 3156(a)(4)) or Federal crime of terrorism (as |
| 20 | defined in 18 U.S.C. § 2332b(g)(5)(B)) for which |
| 21 | maximum sentence is 10 years' imprisonment or more; |
| 22 | ____   b. an offense for which maximum sentence is life |
| 23 | imprisonment or death; |
| 24 | ____   c. Title 21 or MDLEA offense for which maximum sentence |
| 25 | is 10 years' imprisonment or more; |

1      \_\_\_\_\_    d. any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses;

     \_\_\_\_\_    e. any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250;

     __X__    f. serious risk defendant will flee;

     \_\_\_\_\_    g. serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so).

\_\_\_\_\_ 6. Government requests continuance of \_\_\_\_\_ days for detention hearing under § 3142(f) and based upon the following reason(s):

_____

_____

_____

_____

//
//
//
//
//
//

_____   7. Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: December 4, 2013           Respectfully submitted,

                                  ANDRÉ BIROTTE JR.
                                  United States Attorney

                                  ROBERT E. DUGDALE
                                  Assistant United States Attorney
                                  Chief, Criminal Division

                                  /s/ Ryan H. Weinstein
                                  _____
                                  RYAN H. WEINSTEIN
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA