```
 1                 UNITED STATES DISTRICT COURT
 2               CENTRAL DISTRICT OF CALIFORNIA
 3                       WESTERN DIVISION
 4                            - - -
 5     HONORABLE DEAN D. PREGERSON, DISTRICT JUDGE PRESIDING
 6
 7   UNITED STATES OF AMERICA,      )
                                    )
 8          Plaintiffs,             )
                                    )
 9                                  )
                                    )
10          vs.                     ) No. CR 12-00392-DDP
                                    )
11                                  )
                                    )
12   JERMAINE HOUSTON,              )
                                    )
13          Defendant.              )
     _____)
14
15
              REPORTER'S TRANSCRIPT OF PROCEEDINGS
16
              FINAL VIOLATION OF SUPERVISED RELEASE
17
                     LOS ANGELES, CALIFORNIA
18
                    MONDAY, FEBRUARY 24, 2014
19
     _____
20
21                     MARIA R. BUSTILLOS
                     OFFICIAL COURT REPORTER
22                        C.S.R. 12254
                     UNITED STATES COURTHOUSE
23                  312 NORTH SPRING STREET
                             ROOM 404
24                LOS ANGELES, CALIFORNIA 90012
                         (213) 894-2739
25
```

1 **A P P E A R A N C E S**

2

3

4    **ON BEHALF OF THE PLAINTIFFS,**
   **UNITED STATES OF AMERICA:**    OFFICE OF THE UNITED STATES
5    ATTORNEY
   BY: MACK JENKINS, ESQ.
6    312 NORTH SPRING STREET
   14TH FLOOR
7    LOS ANGELES, CALIFORNIA 90012
   (213)894-2091
8

9

10    **ON BEHALF OF THE DEFENDANTS,**
   **JERMAINE HOUSTON:**    OFFICE OF THE FEDERAL PUBLIC
   DEFENDER
11    BY: YASMIN CADER, ESQ.
   321 EAST 2ND STREET
12    LOS ANGELES, CALIFORNIA 90012
   (213)894-7560
13

14  ALSO APPEARING: U.S. PROBATION OFFICER, CORNELL JOHNSON

15

16

17

18

19

20

21

22

23

24

25

**I N D E X**

FINAL VIOLATION OF SUPERVISED RELEASE:    PAGE
                                             4

```
 1            LOS ANGELES, CALIFORNIA; MONDAY, FEBRUARY 24, 2014
 2                              -o0o-
 3                    (COURT IN SESSION AT 3:13 P.M.)
 4            THE CLERK:  Calling item one, CR 12-00392-DDP:
 5   United States of America v. Jermaine Houston.
 6            Counsel, may we have appearances please.
 7            MR. JENKINS:  Good afternoon, Your Honor.
 8            Mack Jenkins on behalf of the United States.
 9   Joining me at counsel table is United States probation
10   officer Cornell Johnson.
11            THE PROBATION OFFICER:  Good afternoon.
12            THE COURT:  Good afternoon, Your Honor.
13            MS. CADER:  Good afternoon, Your Honor.
14            Yasmin Cader on behalf of Mr. Jermaine Houston, who
15   is present and not in custody.
16            THE COURT:  Okay.  Good afternoon.
17            So Mr. Houston has admitted allegations 1 and 2.
18   Just so the record is accurate, I -- I have not received any
19   filings from either side.  And I just want to confirm that
20   that's right?
21            MR. JENKINS:  The Government did not file anything;
22   however, I believe Ms. Cader did file letters on Friday --
23   letters --
24            MS. CADER:  I apologize if the Court did not
25   receive it.  May I provide the filing for Your Honor.
```

1     THE COURT: You know, I did not receive the
2  letters.
3           (Pause in the proceedings.)
4     THE COURT: Okay. Okay. Mr. Jenkins, what -- what
5  is the Government's position?
6     MR. JENKINS: Your Honor, the Government's position
7  is that, the sentence to be imposed should be for a term of
8  years -- the probation office is asking for, I believe,
9  37 months. I defer to the probation office. The Government
10 would recommend approximately two years to get a specific
11 recommendation. We do defer to the probation office. Based
12 off of our review of the evidence -- particularly, the -- the
13 Government's main concern is, obviously, the similarities to
14 the offense to defendant's prior offenses, being drug
15 distribution, his underlying offense for which he served
16 188 months or sentenced to 188 months; was a fairly
17 sophisticated interstate drug trafficking network. The
18 concern here is also that defendant's involved in the
19 Broadway Crips -- the 5 Deuce Broadway Crips gang,
20 transporting drugs from L.A. to Minnesota. At the time, this
21 defendant lived in Minnesota. And this defendant is
22 sentenced and comes back; he goes right back to the
23 Broadway Crip neighborhood and then has a series of various
24 drugs in what we would describe as selling or that he was
25 going to sell. So our concern is that he has returned back

1  to the similar behavior and in that gang neighborhood.
2  Speaking with the probation office, we do believe that a
3  terminal disposition is appropriate.  That's also why the
4  Government would request a sentence of years because at this
5  point, we believe that's the only option left.
6              THE COURT:  Okay.  Ms. Cader?
7              MS. CADER:  Your Honor, I think's important that in
8  analyzing this case there are a number of factors that we
9  consider and that Your Honor consider...
10             I think's important to note that while he has
11 admitted these violations, they have not been charged
12 specifically by the State, and that that is an indication of,
13 I think, the strength of the evidence and the reason that
14 that is relevant is in -- in determining depth and strength
15 of involvement, I don't think that the Government's picture
16 of Mr. Houston is -- is complete.  There's no question that
17 he has made these mistakes.  We're not shying from that, but
18 there is certainly more to the picture; namely, as the Court
19 can see from the submissions that we've -- in the letters and
20 in the specifics of the letters regarding Mr. Houston's
21 character, he's someone who has made significant strides and
22 significant connections with people who have a lot of faith
23 in his character based on his demonstrated actions.  He comes
24 from a very supportive family with people who are there not
25 just for him but believe in him for tangible reasons.

1  Probably the most important person in court today, and that's
2  Ms. Dawn Neiro (phonetic), his fiancee.  She works as a
3  bookkeeper.  She has known him for a long time, but she has
4  known him very well in the recent times and she believes in
5  him based on his character that he has demonstrated to her in
6  terms of the type of person that he is; the loyalty he has to
7  his family; the loyalty he has two his two children -- 15 --
8  well, he has four children but two who are minors, a
9  15-year-old and a 14-year-old, who are both at school at
10 Sarah, and for whom he provides both financial and emotional
11 support.
12          He also is a person with -- with skills, Your
13 Honor.  And while it has been very difficult for him to find
14 work in his industry, which is framing, he has an apprentice
15 for the union in framing.  He is someone who is nonetheless
16 dedicated to trying to find work.  Just recently he was able
17 to find a job that he believes he will be able to start soon
18 at a detailing shop called "Splash" which at 57th and
19 Broadway.  It is not in his field.  It's not of the pay that
20 he was hoping to find that -- the kind that he had before
21 when he did framing; but it is work that's 8.50 an hour.  And
22 it's something that he is confident he'll be able to start
23 soon.  It's a friend who believes in his work ethic.
24          So the picture that has been painted of someone who
25 is just simply coming back and returning with no other ties

1  or no other contributions, is -- is not accurate.  It is --
2  it is a part of -- again, a part of the picture in that he
3  admits to violations one and two, but it is not the
4  complete -- so in looking at a significant sentence of years,
5  plural, we don't believe that -- we believe that that is
6  greater than necessary in this context.  And we believe that
7  Mr. Houston still has a lot to give and -- and perhaps a lot
8  to gain from resources that the Department of Probation could
9  give.  So we would submit then and ask for a sentence that
10 doesn't involve incarceration but that would involve
11 additional supervision because of the fact that he is
12 committed to meeting the other terms of his supervision,
13 including employment and including reporting requirements.
14
15         THE COURT:  But even on supervision, he has had
16 four or five compliance issues as I recall; is that right?
17         THE PROBATION OFFICER:  Could you repeat that, Your
18 Honor?
19         THE COURT:  Even while on supervised release, there
20 have been numerous compliance issues.
21         THE PROBATION OFFICER:  That's correct, Your Honor.
22 The Court has been notified.  Since Mr. Houston started
23 supervised release on June 2nd, 2010, the Court has been
24 notified on six occasions of noncompliant behavior where he
25 has breached the Court's trust.  He could have been brought

|     |     |
| --- | --- |
| 1   | in before the Court, but the Probation Department and myself |
| 2   | requested intermediate sanction, allowing us to deal with the |
| 3   | consequence in-house.  Those sanctions have been graduated |
| 4   | over time from verbal admonishments, to placing him into a |
| 5   | halfway house, and the last time which was the sixth time, he |
| 6   | was placed on house arrest.  And it should be noted that |
| 7   | while he was on house arrest, he incurred this arrest when |
| 8   | the search warrant was executed at the house and they found |
| 9   | the controlled substances at his residence.  So at this |
| 10  | juncture, as I've previously stated, we've exhausted the |
| 11  | stuff that we have available to us.  It appears that, you |
| 12  | know, Mr. Houston is going to continue doing what Mr. Houston |
| 13  | wants to do.  We've tried to give him the opportunity to deal |
| 14  | with his issues in the community but to no avail.  And so as |
| 15  | a consequence or as a result of this most recent arrest, is |
| 16  | why we're requesting a custodial sentence, Your Honor. |
| 17  |         MS. CADER:  May I please, Your Honor? |
| 18  |         THE COURT:  Yes. |
| 19  |         MS. CADER:  Your Honor, we understand the Probation |
| 20  | Department is requesting a custodial sentence, along with the |
| 21  | Government.  But if -- if the Court is inclined to impose |
| 22  | such, we would submit that the terms that have been presented |
| 23  | are -- are beyond -- and far beyond what is necessary, |
| 24  | particularly given the underlying facts of the -- of the |
| 25  | cases and the strength of that case. |

1            And so if the Court is inclined to impose a
2  custodial term, obviously, Mr. Houston will accept what the
3  Court decides.  And if the -- if it is decided that he cannot
4  benefit any longer from additional supervision, that will be
5  accepted as well.  We are just submitting that those terms
6  are beyond what is necessary.
7            THE COURT:  Okay.  Thank you.
8            Mr. Houston, would you like to say anything?
9            THE DEFENDANT:  Yes.
10            Today I'm just here to accept whatever sanction
11  you're going to hand down to me today.
12            THE COURT:  Okay.
13            When were you last released from jail on any
14  charge?
15            THE DEFENDANT:  On December -- December 5th --
16  December 5th of 2013.
17            THE COURT:  Okay.  And that was for spousal abuse?
18            THE DEFENDANT:  Domestic battery.
19            THE PROBATION OFFICER:  Domestic battery,
20  Your Honor -- spousal abuse.
21            THE COURT:  Okay.  Okay.
22            Thank you.
23            I'm going to find that you violated the terms of
24  your supervised release.  I'm going to revoke your supervised
25  release for a period of 20 months with no supervision to

1  follow.  I just looked through your file, just the criminal
2  history, just repeated acts.  And I just see it as a public
3  safety issue.  So --
4              THE CLERK:  Your Honor, it is, as I understood, to
5  be a custodial with the custody of Bureau of Prisons for how
6  many months?
7              THE COURT:  20 months.
8              Maybe I misspoke -- with no supervision to follow.
9  And reporting in 30 days.  That date is...
10             THE CLERK:  That will be Monday, March 24, 2014.
11             THE COURT:  On or before 12 noon on that date you
12 need to report.  Thank you.
13             THE DEFENDANT:  Thank you.
14             MR. JENKINS:  Your Honor, just for the record, the
15 defendant does have the right to appeal within 14 days of his
16 sentence?
17             THE COURT:  He does.
18             THE CLERK:  And also, for bond in this case, is
19 that to be exonerated?
20             THE COURT:  It will be exonerated when he
21 surrenders.
22                  (Whereupon proceeding adjourned.)
23                            - - -
24
25

**C E R T I F I C A T E**

UNITED STATES OF AMERICA        :

        vs.                            :   No. CR 12-00392-DDP

JERMAINE HOUSTON                :

I, MARIA BUSTILLOS, OFFICIAL COURT REPORTER, IN AND FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

FEES CHARGED FOR THIS TRANSCRIPT, LESS ANY CIRCUIT FEE REDUCTION AND/OR DEPOSIT, ARE IN CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

_____        04/14/2015

MARIA R. BUSTILLOS                      DATE
OFFICIAL REPORTER